UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MALCOLM WASHINGTON,

                    Plaintiff,

          -v-                                    3:25-CV-229

WILLIAM C. PELELLA,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

MALCOLM WASHINGTON
Plaintiff, *Pro Se*
1903 East Main Street
Endicott, NY 13760

DAVID N. HURD
United States District Judge

## <u>ORDER ON REPORT & RECOMMENDATION</u>

On February 20, 2025, plaintiff Malcolm Washington ("plaintiff"), acting

*pro se*, commenced an action against defendant William C. Pelella[1]

("defendant"), pursuant to 42 U.S.C. § 1983, for the denial of his due process

rights when defendant removed a hearing on plaintiff's Criminal Procedure

Law section 440.10 motion to vacate his conviction from Broome County

---

[1] Defendant is a Binghamton City Court Judge.

Court to Binghamton City Court.² Dkt. No. 1. Thereafter, plaintiff filed a motion to proceed *in forma pauperis* ("IFP Application"), which was granted. Dkt. Nos. 3, 7.

On March 28, 2025, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with prejudice and the matter closed. Dkt. No 8. Judge Stewart advised that: (1) the defendant is entitled to judicial immunity as the actions pertaining to plaintiff's claim did not occur outside of his judicial capacity; and (2) that leave to amend would be futile in light of defendant's judicial immunity.³ *Id.* at 4–6.

Plaintiff has not filed any objections and the deadline to do so has passed. *See* Dkt. No. 8. Instead, plaintiff filed a notice of appeal with the Second Circuit Court of Appeals seeking appellate review of Judge Stewart's R&R. Dkt. Nos. 9, 10. The Second Circuit has since ordered plaintiff to rile a response setting out the basis for his appeal or to withdraw his appeal. Dkt. No. 11.

---

² This is not plaintiff's first time filing a claim against defendant. *See Washington v. Pelella*, No. 8:21-CV-768.

³ Judge Stewart also noted that, in addition to defendant's judicial immunity, dismissal is also warranted here based on the relevant statute of limitations. Dkt. No. 8 at 6, n. 2. The applicable statute of limitations for claims under § 1983 is three years. *See e.g., Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995). Per the complaint, the alleged violation of plaintiff's due process rights occurred in October 2021. Dkt. No. 8 at 6, n. 2; *see also* Dkt. No. 1 at 3. Therefore, Judge Stewart properly concluded that this action was commenced more than three years after the alleged violation and thus untimely.

Ordinarily, a notice of appeal divests the district court of jurisdiction. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But the trial court is not divested of its jurisdiction when the appeal is frivolous, untimely, or otherwise defective. *See, e.g.*, *China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012).

Judge Stewart's R&R remains pending before this Court. Dkt. Nos. 9, 10. The Court has not entered an order accepting or rejecting the R&R. Thus, plaintiff's attempt to take a direct appeal from the pending R&R renders his appeal "otherwise defective" because the R&R is not an appealable final order. *See, e.g.*, *LCS Grp., LLC v. Shire LLC*, 2019 WL 7824613, at *1 (2d Cir. Nov. 12, 2019) (refusing to exercise jurisdiction over pending report and recommendation); *Juste v. Sessions*, 2017 WL 3754208 (2d Cir. Apr. 26, 2017) (dismissing appeal *sua sponte* for want of jurisdiction where plaintiff attempted to appeal from report and recommendation).[4] Accordingly, this Court still has jurisdiction to consider whether to adopt, modify, or reject the pending R&R.

Judge Stewart's R&R explicitly instructed plaintiff that any objections to the R&R must be filed within fourteen (14) days and that plaintiff's failure to

---

[4] Recognizing as much, the Second Circuit has directed petitioner to explain the basis for jurisdiction or withdraw the appeal. Dkt. No. 11.

object would preclude appellate review of the R&R.  Dkt. No. 8.  As noted

above, plaintiff has not filed any timely objections.  *Supra.*  Therefore, this

Court will review the R&R for clear error.[5]  *Emrit*, 2024 WL 308337, at *3

(citation omitted).

Upon review for clear error, Judge Stewart's R&R is accepted and will be

adopted in all respects.  *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 8) is ACCEPTED and

ADOPTED in all respects;

2.  Plaintiff's complaint (Dkt. No. 1) is DISMISSED with prejudice

pursuant to 28 U.S.C. § 1915(e)(2)(B);

3.  The Clerk of the Court is directed to enter a judgment dismissing this

action; and

4.  The Clerk of the Court is directed serve a copy of this Order on plaintiff

by regular mail.

---

[5]  While *pro se* plaintiffs are generally held to more lenient standards, *Emrit v. Grammys Awards on CBS*, 2024 WL 308337, at *3 (N.D.N.Y. June 21, 2024) (citation omitted), they are not completely relieved of their compliance from compliance with the "relevant rules of procedural and substantive law." *Kauffman v. New York Presbyterian Hosp.*, 2025 WL 50018, at *4 (S.D.N.Y. Jan. 8, 2025) (citation omitted).

The Clerk of the Court is further directed to terminate the pending

motion.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  April 30, 2025.
        Utica, New York.